IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior District Judge Richard P. Matsch

Civil Action No. 06-cv-01817-RPM

MAX A. MCLINN,

        Applicant,

v.

UNITED STATES PAROLE COMMISSION and
BUREAU OF PRISONS,

        Defendant.

_____

ORDER OF DISMISSAL
_____

This is a *pro se* application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 filed by Max A. McLinn, housed at FCI, Edgefield, South Carolina. McLinn was sentenced to a 20-year term of imprisonment in the United States District Court for the Eastern District of California on April 25, 1985, under the provisions of the Youth Corrections Act ("YCA"), 18 U.S.C. § 5010(c). This Court has jurisdiction of the application because the applicant is within the class certified in *Watts v. Hadden*, 627 F.Supp. 727 (D.Colo. 1986). Under the provisions of the YCA, a youth offender may be conditionally released by the United States Parole Commission when it determines that he has completed treatment in accordance with 18 U.S.C. § 5006(g). The Parole Commission established regulations and guidelines for the exercise of its discretion in determining when an YCA offender will be conditionally released, which has come to be described as parole. In common parlance, the time on parole is characterized as

"street time." Under current regulations, applicable to this case, when a YCA offender who has been conditionally released is returned to custody for a violation of the conditions of his release, the sentence continues uninterruptedly unless the offender has absconded from supervision. While there is language in the statute at Section 5017(d), suggesting that the offender should be discharged unconditionally on the expiration of the maximum sentence imposed, computed uninterruptedly from the date of conviction, the Act has been interpreted to mean that when the offender is not under supervision because he has absconded, the sentence may be tolled. *Cavallery v. United States Parole Commission,* 673 F.2d 43 (2nd Cir. 1982).

The applicant's 20-year term has been extended because of such tolling. The records submitted by the Parole Commission in response to this Court's Order to Show Cause, show that McLinn has been paroled and his parole revoked six times. He has also sustained a conviction and an adult sentence for escape in the United States District Court for the District of Alaska and has been sentenced in state court proceedings.

What is at issue in this application is the contention that the Parole Commission's Notice of Action, dated August 28, 2002, revoking parole and forfeiting the time from October 3, 2000, until April 24, 2002, was an invalid forfeiture because the Notice of Action does not show that the applicant was an absconder during that time. If that forfeiture was incorrectly applied to toll the time of confinement, the applicant asserts that his release date should have been October 28, 2006.

The challenge here is procedural. McLinn asserts that the forfeiture was not

discussed with him and that he must be charged with a violation specifically authorized as a basis for forfeiture; that he was entitled to a hearing on the matter and that the Parole Commission must make findings to support the forfeiture under its application regulation.

Exhibit AA is a notice to McLinn of the Commission's intention to revoke parole and forfeit the time and an invitation to the applicant to proceed with the expedited revocation procedure consenting to that action and waiving the procedural protection which McLinn argues he should have received.  The notice bears his signature under the date of June 28, 2002.  One of the violations identified in the notice and in the Notice of Action is the violation of special conditions (CCC) which refers to his failure to return to the community correction center after he signed out on October 2, 2000, as the National Appeals Board explained in response to the applicant's appeal.  Exhibit NN.

Because there is no showing that the Parole Commission violated the law or abused its discretion, it is

ORDERED that the application for habeas corpus relief is denied and this civil action is dismissed.

DATED:   March 9th , 2007

BY THE COURT:

s/Richard P. Matsch
_____
Richard P. Matsch, Senior Judge